**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**BARBARA KOWAL**,

      Plaintiff,                           Civil Action No. _____

v.

**UNITED STATES DEPARTMENT**
**OF JUSTICE**,
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

**BUREAU OF ALCOHOL, TOBACCO**
**FIREARMS, EXPLOSIVES**
Disclosure Division, Room 1E400
99 New York Avenue, NE
Washington, DC 20226

and

**FEDERAL BUREAU OF INVESTIGATION**
FBI Headquarters
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

and

**DRUG ENFORCEMENT AGENCY**
Freedom of Information Request/PA Unit
8701 Morrissette Drive
Springfield, VA 22152

      Defendants.

_____

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the

Privacy Act of 1974 (Privacy Act), 5 U.S.C. § 552(a), to order the production of agency records

possessed and improperly withheld by the United States Department of Justice (DOJ), the Bureau

1

of Alcohol, Tobacco, Firearms, Explosives (ATF), the Federal Bureau of Investigation (FBI), and

the Department of Drug Enforcement Agency (DEA) concerning criminal offenses it investigated.

Plaintiff Barbara Kowal complains as follows:

## **PARTIES**

1.      Plaintiff Kowal is an adult individual and resident of Apopka, Florida. Plaintiff

Kowal is employed as a paralegal for the Federal Public Defender Office for the Middle District

of Florida. Plaintiff's office is located in Orlando, Florida.

2.      Defendant DOJ is an agency of the United States Government within the meaning

of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records

that Plaintiff seeks. The DOJ headquarters are located at 950 Pennsylvania Avenue NW,

Washington, D.C. 20530.

3.      Defendant ATF is an agency of the United States Government within the meaning

of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records

that Plaintiff seeks. The ATF headquarters is located at 99 New York Avenue, NE, Washington,

DC 20226.

4.      Defendant FBI is an agency of the United States Government within the meaning

of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records

that Plaintiff seeks. The FBI headquarters is located at 935 Pennsylvania Avenue, NE, Washington,

DC 20535-0001.

5.      Defendant DEA is an agency of the United States Government within the meaning

of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records

that Plaintiff seeks. The DEA headquarters are located at 8701 Morrissette Drive Springfield, VA

22152.

## JURISDICTION AND VENUE

6.     This is an action for judicial review of final agency action pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552a(g).

7.     Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiff.

## STATEMENT OF THE FACTS

8.     On April 8, 2015, Judge Daniel T.K. Hurley, U.S. District Court Judge for the Southern District of Florida, appointed CJA counsel,[1] Steven H. Malone, and Assistant Federal Defender D. Todd Doss from the Federal Public Defender Office for the Middle District of Florida (Plaintiff's office) to represent Daniel Troya, an indigent capital defendant, in his federal post-conviction proceedings under 28 U.S.C. § 2255. In her capacity as paralegal, Plaintiff made numerous FOIA records requests to the FBI, ATF, and the DEA beginning June 15, 2015 through May 22, 2018.[2]

9.     Daniel Troya was charged on February 14, 2008, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1), 84l(b)(l)(A) and 84l(b)(l)(B), 18 U.S.C. § 922(g)(1), 18 U.S.C. §§

---

[1] Appointment was made pursunat to the Criminal Justice Act (CJA), 18 U.S.C. § 3599(a)(2).

[2] Plaintiff has had primary responsibility for submitting records requests to state and federal agencies in Mr. Troya's case. Some correspondence received from and sent to the ATF and FBI reference the Assistant Federal Defender, D. Todd Doss (the undersigned counsel). Whenever an exhibit is attached that references the attorney, the addressee will be referred to as "Plaintiff's office."

924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 359l(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(l6), 18 U.S.C. § 1111 in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

10.     Mr. Troya was convicted on all counts and sentenced on May 13, 2009. On two of the counts Mr. Troya was sentenced to death. The convictions and sentences were affirmed by the United States Court of Appeals for the Eleventh Circuit on direct appeal. *Troya v. United States*, 733 F.3d 1125 (11th Cir. 2013). Mr. Troya's petition for certiorari was denied by the Supreme Court of the United States on May 4, 2015, 135 S.Ct. 2048 (2015).

11.      On May 4, 2016, Mr. Troya filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida challenging his convictions and sentence of death. (Case No. 9:16-cv-80700). Mr. Troya asserted as one of his claims that the Government failed to disclose exculpatory and impeachment material pursuant to its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, at the time of the capital proceedings against him.

12.     The ATF is a component of the DOJ. Two ATF agents assisted the DEA and local law enforcement agencies in the execution of a search warrant and the collection of evidence in Mr. Troya's capital case. The FBI, also a component of the DOJ, assisted the DEA and local law enforcement agencies in the investigation and prosecution of Mr. Troya's capital case.

13.     Plaintiff submitted a FOIA request for documents via e-mail to the FBI on June 22, 2015, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. **Exhibit A**.  The requested documents included, in relevant part:

> ( 1) all documents, files, records, etc. pertaining to any
> investigation, arrest, indictment, conviction, sentencing,
> incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"),
> DOB: 04/22/1983, who was charged on April 18, 2007, with

4

violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S . District Court for the Southern District of Florida;

(2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

Plaintiff requested expedited processing of the FOIA request.

14.    On June 22, 2015, Plaintiff received an email acknowledging receipt of the FOIA request by the FBI for processing. **Exhibit B.**

15.    Plaintiff received a letter from the FBI dated June 30, 2015, and post marked July 2, 2015, acknowledging receipt of the FOIA request by the FBI for processing, and stating that a case number of 1331620-000 was assigned to Plaintiff's request. **Exhibit C**. The letter further stated that Plaintiff would not be charged for any portion of FOIA processing fees.

16.    On December 7, 2015, Plaintiff received a letter from the FBI dated November 30, 2015. **Exhibit D**.  The letter stated that the FBI was denying the request for information as to Mr. Troya's co-defendants as well as withholding third party information, including the names of FBI employees and specific law enforcement codes, techniques, and procedures. Of the 416 pages that were identified as responsive to Plaintiff's FOIA requests and reviewed, the FBI released 134 pages in full, 83 pages were referred to another government agency (OGA), specifically to the DEA, 58 pages were withheld in part, and 141 pages were withheld in their entirety. When considered with the textual redactions that were contained within the released documents, approximately 68% of the documents that were identified by the FBI as responsive to Plaintiff's FOIA requests were withheld in full or in part. Bare citations were made in an appendix as to code provisions allegedly applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

(A)   § 552 (b)(7)(C) – Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy;

(B)   § 552 (b)(7)(D) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source;

(C)   § 552 (b)(7)(E) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law:

(D)   § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to endanger the life or physical safety of an individual.

(E)   § 552a(j)(2) – Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

17.   On November 22, 2016, Plaintiff received a supplemental response dated November 17, 2016, from the FBI.  **Exhibit E**.  The letter stated that the FBI had consulted with

another agency concerning the initial FOIA request, specifically the DEA. The letter stated that a

portion of that information had been returned to the FBI. The letter further stated that 15 pages

were reviewed and 15 pages were being released.  Out of the 15 pages released by the FBI, 12

pages were released in part, and 3 pages were withheld in their entirety based upon deletions were

made by DEA.  The letter also advised that any appeal should be submitted directly to the DEA. [3]

      18.    Plaintiff submitted a second FOIA request for documents to the FBI on August 17,

2017, seeking disclosure of documents related to Mr. Troya's federal criminal case and

prosecution. **Exhibit G**.  Plaintiff requested the following records:

> ( 1) all documents, files, records, etc. pertaining to any
> investigation, arrest, indictment, conviction, sentencing,
> incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"),
> DOB: 04/22/1983, who was charged on April 18, 2007, with
> violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and
> 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j),
> 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5),
> 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(16), in criminal
> case number 9:06-Cr-80171 in the U.S. District Court for the
> Southern District of Florida;
>
> (2) all public documents, files, records, etc. pertaining to any
> investigation, arrest, indictment, conviction, sentencing,
> incarceration, and/or parole of Co-Defendant (1) Danny Varela
> (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18,
> 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§
> 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§
> 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and
> 5871, in criminal case number 9:06-Cr-80171 in the U.S. District
> Court for the Southern District of Florida;
>
> (3) all public documents, files, records, etc. pertaining to any
> investigation, arrest, indictment, conviction, sentencing,
> incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez
> (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18,

---

[3] Plaintiff received a letter post marked February 3, 2016, and date stamped February 2, 2016, from the DEA.  **Exhibit F**. The letter advised that the DEA had completed its review of 83 referred pages pursuant to the FOIA request to the FBI. The letter further stated that out of the 83 reviewed pages, 68 pages had been previously processed and released to Plaintiff.

2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c) and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

Plaintiff requested expedited processing of the FOIA request.

19.    Plaintiff also submitted a FOIA request for documents via e-mail to the ATF on

August 17, 2017, seeking disclosure of documents related to Mr. Troya's federal criminal case and

prosecution. **Exhibit H**.  The requested documents included, in relevant part:

(1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j),

18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S . District Court for the Southern District of Florida;

(2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j)), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing,

> incarceration, and/or parole of Co-Defendant (6) Kevin Vetere,
> DOB: 10/13/1983, who was charged on April 18, 2007, with
> violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in
> criminal case number 9:06-Cr-80171 in the U.S. District Court for
> the Southern District of Florida.

Plaintiff requested expedited processing of the FOIA request.

20.     On August 25, 2017, Plaintiff received a letter from the ATF stamped August 17,

2017, acknowledging receipt of the FOIA request by the ATF for processing, and stating that a

case number of 2017-1023 was assigned to Plaintiff's request. **Exhibit I**.  The letter further stated

that Plaintiff would not be charged for any portion of FOIA processing fees.

21.     On August 29, 2017, Plaintiff received a letter from the FBI dated August 23, 2017,

acknowledging receipt of Plaintiff's August 17th FOIA request to the FBI, and stating that based

on the information provided, Plaintiff's request was routed to the ATF for processing. **Exhibit J**.

The letter further stated that a case number of 1382881-0 was assigned to Plaintiff's FOIA request.

22.     On February 28, 2018, Plaintiff submitted a follow-up FOIA request inquiring as

to when the ATF would be producing the records sought. **Exhibit K**.

23.     On March 1, 2018, Plaintiff received a response from the ATF via email advising

there was a serious backlog of FOIA requests. The email response further stated that the DEA

specialist would try to get the request to the reviewer the following week. **Exhibit L**.

24.     On April 13, 2018, Plaintiff sent an email to ATF inquiring as to the status of

Plaintiff's FOIA request. That same day Plaintiff, received an email response from the ATF

advising that the ATF was finishing up retrieving records and that the documents would be sent to

another department for review. The email further stated that Plaintiff would be contacted when the

records were released. **Exhibit M**.

25.     On May 8, 2018, Plaintiff received a letter from the ATF stamped May 4, 2018.
**Exhibit N**.  The letter stated that the ATF was denying the request for information as to Mr.
Troya's co-defendants as well as withholding third party information, including the names of ATF
employees and specific law enforcement codes, techniques, and procedures.  Of the 467 pages that
were identified as responsive to Plaintiff's FOIA requests and reviewed, the ATF released 61 pages
in full, 212 pages in part, and withheld 194 pages in their entirety.  When considered with the
textual redactions that were contained within the released documents, approximately 87% of the
documents that were identified by the ATF as responsive to Plaintiff's FOIA requests were
withheld in full or in part. Bare citations were made in an appendix as to code provisions allegedly
applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

(A)     § 552 (b)(7)(C) - Records or information compiled for law enforcement
purposes, but only to the extent that the production of such law enforcement records or information
could reasonably be expected to constitute an unwarranted invasion of personal privacy;

(B)     § 552 (b)(7)(D) - Records or information compiled for law enforcement
purposes, but only to the extent that the production of such law enforcement records or information
could reasonably be expected to disclose the identity of a confidential source, including a State,
local or foreign agency or authority or private institution which furnished information on a
confidential basis; and, in the case of a record or information compiled by a criminal law
enforcement authority in the course of investigation, or by an agency conducting a lawful national
security intelligence investigation, information furnished by a confidential source;

(C)     § 552 (b)(7)(E) - Records or information compiled for law enforcement
purposes, but only to the extent that the production of such law enforcement records or information
would disclose techniques and procedures for law enforcement investigations or prosecutions or

would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law:

      (D)    § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to endanger the life or physical safety of an individual.

      (E)    § 552a(j)(2) - Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

26.    On May 15, 2018, Plaintiff, through undersigned counsel, instituted an administrative appeal regarding the denial of documents by ATF in FOIA case number 2017-1023. **Exhibit O**.

27.    On May 22, 2018, Plaintiff submitted a separate FOIA request to the ATF seeking disclosure of documents related to the FBI's FOIA referral. **Exhibit P**. Plaintiff was concerned that the ATF had never specifically responded to the FBI request that was re-routed. The requested documents included, in relevant part:

> (1) any and all files, records, etc., in the possession of the ATF, or in the possession of the Department of Justice releated to FBI's referral to your agency related to FOIA request number 1382881-0.

28.    On May 23, 2018, Plaintiff received an email from the ATF. **Exhibit Q**. The email stated that the letter from the FBI dated August 23, 2017, was not a referral – the FBI routed Plaintiff's FOIA request to the ATF because the ATF was the agency most likely to have the records that were responsive to Plaintiff's FOIA request. The email further stated that the records were provided (ATF FOIA case number 2017-1023) to Plaintiff's office on May 4, 2018.

29.     On June 25, 2018, Plaintiff received a letter dated June 18, 2018, from the DOJ Office of Information Policy informing Plaintiff that her appeal was considered and that, after discussions with ATF Personnel, one page was being released in part. The remaining actions of the ATF regarding Plaintiff's FOIA request were affirmed. **Exhibit R**.

30.     On August 27, 2018, Plaintiff received a letter of final determination from the FBI regarding Mr. Troya's FOIA request for documents. **Exhibit S**. Plaintiff had sent a letter requesting a final determination regarding the original June 22, 2015 and August 17, 2017 requests to insure that the request was ripe for administrative appeal.

31.     On October 18, 2018, Plaintiff filed an appeal regarding the denial of documents by the FBI in FOIPA Request No. 1382881-001. By letter dated October 31, 2018, Plaintiff was notified that her appeal was denied and the agency actions upheld. **Exhibit T**. The instant complaint here follows that denial.

## CAUSES OF ACTION

### Count I

### Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

32.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

33.     Defendants are agencies subject to FOIA. 5 U.S.C. § 552(f); 5 U.S.C. § 551.

34.     Defendants have possession of the documents and records that Plaintiff seeks. The ATF, FBI and DEA have acknowledged the existence of the records Plaintiff seeks.  See Exhibits A through R.

35.     Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under FOIA. 5 U.S.C. § 552(a)(3).

36.     Defendants have failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

37.     Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

38.     Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Freedom of Information Act. 5 U.S.C.§ 552(a)(6)(C)(i).

**Count II**

**Violation of FOIA (5 U.S.C. § 552) for Failure to Conduct a Reasonable Search**

39.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

40.     Defendants are agencies subject to FOIA. 5 U.S.C. § 552(f); 5 U.S.C. § 551.

41.     Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under FOIA. 5 U.S.C. § 552(a)(3).

42.     Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of its obligations under FOIA. 5 U.S.C. § 552(a)(3).

43.     Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Freedom of Information Act. 5 U.S.C.§ 552(a)(6)(C)(i).

**Count III**

**Violation of Privacy Act of 1974 (5 U.S.C. § 522(a)) for
Wrongful Withholding of Agency Records**

44.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

45.     Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

46.     Defendants have possession of the documents and records that Plaintiff seeks. As Exhibit C indicates, the FBI has acknowledged the existence of the records Plaintiff seeks.

47.     Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under the Privacy Act. 5 U.S.C. § 552a(b)(2) & (d).

48.     Defendants have failed to make available records responsive to Plaintiff's request, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

49.     Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

50.     Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

### Count IV

### Violation of Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

51.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

52.     Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

53.     Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under the Privacy Act. 5 U.S.C. § 552a(b)(2) & (d).

54.     Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of its obligations under the Privacy Act. 5 U.S.C. § 552a(d).

55.     Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kowal prays for the following relief:

(a)     Declare Defendants' failure to comply with FOIA and the Privacy Act of 1974 to

be unlawful;

(b)     Declare that Plaintiff is entitled to disclosure of the requested records;

(c)     Order Defendants to conduct a search reasonably calculated to identify all records

responsive to Plaintiff's records request;

(d)     Order Defendants to immediately disclose, in their entirety, unredacted versions of

all records responsive to the request that are not specifically exempt from disclosure

under FOIA or the Privacy Act, including any non-identical copies of any such

records;

(e)     Issue an injunction enjoining Defendants from withholding the records requested

by Plaintiff; and

(f)     Provide such other and further relief as the Court may deem just and proper.

**Respectfully Submitted**,

*/s/ D. Todd Doss*
D. TODD DOSS
Assistant Federal Defender
Federal Defender's Office, MDFL
201 South Orange Ave., Ste. 300
Orlando, FL 32801
Tele: 407-648-6338
 Email: todd_doss@fd.org
Florida Bar No. 0910384
*Counsel for Daniel A. Troya*