UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA KOWAL,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF JUSTICE et al.,

    *Defendants*.

Civil Action No. 18-2798 (TJK)

## MEMORANDUM OPINION

Barbara Kowal, a paralegal assisting a federal criminal defendant in his post-conviction proceedings, submitted requests under the Freedom of Information Act for records about that defendant from several federal agencies, including the Federal Bureau of Investigation, or FBI, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, or ATF. Kowal later sued these agencies over their responses to her requests. As relevant here, the Court granted the ATF summary judgment as to the adequacy of its search for records, granted the FBI summary judgment on its decision to withhold a plea agreement under a FOIA exemption, and entered final judgment in their favor. Kowal now moves to alter or amend the judgment, challenging these two aspects of the Court's summary judgment rulings. There is no clear error for the Court to correct, so it will deny the motion.

**I.**     **Background**

The Court assumes familiarity with the background of this case. *See* ECF No. 29; ECF No. 49. Briefly, Kowal is a paralegal for the Federal Defender for the Middle District of Florida, which represents federal criminal defendant Daniel Troya in post-conviction proceedings. ECF No. 29 at 1–2. She submitted FOIA requests for records related to Troya from the ATF and the

FBI. *Id.* at 2. These agencies searched for responsive records, reviewed the results of their searches, and produced some records but withheld others under FOIA exemptions. *Id.* at 2–7.

Kowal later sued. She alleged that these agencies violated FOIA in several ways, including by failing to conduct adequate searches and wrongly withholding responsive records. ECF No. 1 ¶¶ 32–43. After one round of summary judgment briefing, the Court granted both agencies summary judgment as to the adequacy of their searches and granted the ATF summary judgment on whether it had wrongfully withheld any records. But it denied summary judgment for both Kowal and the FBI as to whether the FBI had improperly withheld records. *See* ECF No. 29 at 8–24. After another round of briefing, the Court granted the FBI summary judgment and entered final judgment. *See* ECF No. 48; ECF No. 49.

Kowal now moves to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). She argues that the Court clearly erred in granting summary judgment for the ATF about the adequacy of its search and for the FBI about its withholding of a third-party plea agreement. ECF No. 50. The agencies oppose. ECF No. 53.

## II.  Legal Standard

Rule 59(e) allows a district court to correct its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). But "[a]ltering or amending a judgment under Rule 59(e) 'is an extraordinary remedy which should be used sparingly.'" *Ecological Rts. Found. v. U.S. EPA*, 541 F. Supp. 3d 34, 45 (D.D.C. 2021) (quoting *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015)). A Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pigford v. Perdue*, 950 F.3d 886, 891 (D.C. Cir. 2020) (internal quotation

marks omitted). To be clearly erroneous, a "final judgment must be dead wrong"—it must "strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (cleaned up); *see also New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995) (per curiam) ("Only if the moving party presents . . . a clear error . . . which compel[s] a change in the court's ruling will the motion to reconsider be granted." (internal quotation marks omitted)). A Rule 59(e) motion is not a vehicle for "new arguments or evidence that the moving party could have raised before the decision issued." *Ecological Rts. Found.*, 541 F. Supp. 3d at 46 (cleaned up). The party seeking Rule 59(e) relief has the burden to prove that it is warranted. *See Bowser v. Smith*, 401 F. Supp. 3d 122, 124 (D.D.C. 2019).

**III.  Analysis**

Kowal argues that the Court's summary judgment decisions about the adequacy of the ATF's search and the FBI's withholding of a third-party plea agreement were clearly erroneous. *See* ECF No. 50 at 5, 8. But she has not met the "very exacting standard" to show clear error in either ruling. *See Slate*, 12 F. Supp. 3d at 35.

First, the Court did not clearly err in granting summary judgment in favor of the ATF about the adequacy of its search. This issue came up in the first round of summary judgment briefing. The ATF moved for summary judgment, arguing that its search for records in response to Kowal's FOIA requests was adequate. ECF No. 19 at 4–5. As pertinent here, Kowal opposed summary judgment because there were "'positive indications of overlooked materials,'" explaining that she possessed more than two hundred "DVDs, CDs, audio recordings, and photos of evidence" that were responsive to her FOIA requests but that the agencies did not identify or produce in responding to those requests. ECF No. 21 at 27–28 (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180

F.3d 321, 327 (D.C. Cir. 1999)).  The Court rejected Kowal's challenge and granted the ATF summary judgment as to the adequacy of its search.  *See* ECF No. 29 at 8–10, 12–15, 25.

Kowal now argues that the Court clearly erred by misapplying the summary judgment standard in rejecting her "overlooked materials" argument and then granting the ATF summary judgment.  ECF No. 50 at 8–15.  Not so.

When an agency seeks summary judgment in a FOIA case because its search was adequate, the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  If the agency makes that prima facie showing, the burden shifts to the requester to come forward with "countervailing evidence," such as "positive indication[s] of overlooked materials," that "raises substantial doubt" about the search's adequacy.  *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314–15 (D.C. Cir. 2003) (cleaned up); *Schoenman v, FBI*, 764 F. Supp. 2d 40, 46 (D.D.C. 2011).  If the requester's "countervailing evidence" fails to "raise a 'substantial doubt' as to the adequacy of the [agency's] search," summary judgment for the agency on this issue is appropriate.  *See Schoenman v. FBI*, 764 F. Supp. 2d at 51–52 (quoting *Iturralde*, 315 F.3d at 314); *Wright v. Admin. for Children & Families*, No. 15-cv-218 (BAH), 2016 WL 5922293, at *8–9 (D.D.C. Oct. 11, 2016).

Previously, the Court found that the ATF carried its initial burden to show that its search was adequate.  *See* ECF No. 29 at 8–10, 12–15.  Thus, to stave off summary judgment for the ATF on this issue, Kowal had to show that the "overlooked materials" she referenced raised "substantial doubt" about the adequacy of the ATF's search.  *See Schoenman*, 764 F. Supp. 2d at 46.  She didn't.  All that she argued on this point was that

> [h]ere, there are records which could have been located and produced had a proper search been conducted.  These include, but are not limited to DVDs, CDs, audio

4

> recordings, and photos of evidence.  Plaintiff is in possession of over two hundred such items obtained in the course of post conviction representation of Mr. Troya that would be responsive to the FOIA requests, however, not one DVD, CD, audio recording, or photo has been produced by the Defendants.  It appears the agency has completely overlooked or without documenting completely withheld all but written records.

ECF No. 21 at 27–28.  She supported her argument with one paragraph in her declaration, in which she stated that she was "in possession of over two hundred items comprising DVDs, CDs, audio recordings, and photos that would be responsive to [her] various requests" but that "Defendants[]" had not "acknowledged or produced."  ECF No. 21-1 ¶ 23.  The Court rejected Kowal's argument mainly because she did not "explain[] why, just because *she* has" these records, "the *ATF* must also have them such that it could produce them in response to a FOIA request."  ECF No. 29 at 15.  That is, Kowal's vague and conclusory assertions failed to raise a substantial doubt about the adequacy of the ATF's search in the face of its prima facie showing that its search was adequate.  The Court sees no error, let alone clear error, in this conclusion.  *See Lopez v. Exec. Off. for U.S. Attys.*, 598 F. Supp. 2d 83, 87 (D.D.C. 2009).

In her motion, Kowal now raises new points to support her "overlooked materials" argument.  For instance, she explains that "Defendants" produced some of the allegedly overlooked records to Troya "in the context of his criminal proceeding," purportedly showing that these "agency records exist."  ECF No. 50 at 8.  She also observes that, in the second round of summary judgment briefing, she "submitted the exhibit list from . . . Troya's capital trial," showing that "the government" introduced "a number of photographs and recordings into evidence."  ECF No. 50 at 10 n.5 (citing ECF No. 44-2).  Kowal's representations remain vague about precisely what the overlooked records are and where (for the most part) she got them.  And she still does not explain why the *ATF*'s failure to identify or produce them in response to her request is a "positive indication of overlooked materials" raising a "substantial doubt" about the adequacy of the *ATF*'s search,

5

particularly given the various law enforcement agencies involved in Troya's case. But in any event, she does not explain why she failed to make these arguments before the Court granted summary judgment for the ATF. These arguments could have been raised then and so provide no basis for Rule 59(e) relief now.

Second, the Court did not clearly err in granting the FBI summary judgment over its withholding of a third-party plea agreement. This issue came up in the second round of summary judgment briefing. Kowal argued that the FBI improperly invoked FOIA Exemptions 6 and 7(C) to withhold the plea agreement of one of Troya's co-defendants because of the public-domain doctrine, *see* ECF No. 35 at 20, under which "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record," *see Cottone v. Reno*, 193 F.3d 550, 553–54 (D.C. Cir. 1999). Kowal argued that the public-domain doctrine applied because the plea agreement was admitted into evidence at Troya's trial and discussed in open court. ECF No. 35 at 20; *see also* ECF No. 44 at 14. In granting the FBI summary judgment on this issue, the Court found that the plea agreement "is not available on the public [*i.e.*, electronic] docket" of Troya's criminal case and thus "is not in the public domain," making the public-domain doctrine inapplicable. *See* ECF No. 49 at 8 n.1.

Kowal argues that the Court clearly erred in so concluding because the plea agreement, as a trial exhibit, became a judicial record subject to the "common-law right of access to judicial records," meaning that it is in the public domain despite its inaccessibility on the "public docket." *See* ECF No. 50 at 5–7. Even assuming the plea agreement is somehow publicly accessible in the trial court's records despite not being on the public docket, the Court sees no clear error in its previous ruling. Under the public-domain doctrine, information previously placed in the public domain that "has since become practically obscure . . . should not . . . necessarily be considered

permanently part of the public domain" to trigger the doctrine. *See Albert v. DOJ*, No. 04-5111, 2005 WL 79028, at *1 (D.C. Cir. Jan. 11, 2005) (cleaned up) (following *Davis v. U.S. DOJ*, 968 F.2d 1276, 1279 (D.C. Cir. 1992)).  In other words, the public-domain doctrine does not require the disclosure of otherwise exempt materials—particularly materials exempt from disclosure under Exemption 7(C)—that are "technically public but practically obscure." *See Kolbusz v. FBI*, No. 17-cv-319 (EGS/GMH), 2021 WL 1845352, at *19 (D.D.C. Feb. 17, 2021) (cleaned up); *see also DOJ v. Reporters Comm, for Freedom of Press*, 489 U.S. 749, 762–64 (1989); *Bartko v. U.S. DOJ*, 167 F. Supp. 3d 55, 71 (D.D.C. 2016).  Because the plea agreement, at the very least, "is not available on the [trial court's] public docket," it is practically obscure, even if it is technically public. *See* ECF No. 49 at 8 n.1.  Thus, the Court did not clearly err in concluding that the FBI's withholding was proper.

**IV.   Conclusion**

For these reasons, the Court will deny Kowal's motion to alter or amend.  A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: June 27, 2022